IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW J. QUILLEN, PATRICE Q. CASTLE, BETTY W. QUILLEN, MURRAY KOSSMAN, CORONET PAPER, and VIRGINIA NATIONAL BANK, <br><br> Defendants. | Case No. |

**COMPLAINT FOR INTERPLEADER**

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its undersigned attorneys, hereby files this complaint for interpleader ("Complaint") pursuant to Federal Rule of Civil Procedure 22 against defendants Andrew J. Quillen, Patrice Q. Castle, Betty W. Quillen, Murray Kossman, Coronet Paper, and Virginia National Bank (hereinafter referred to collectively as "Defendants"). In support thereof, MassMutual avers as follows:

**INTRODUCTION**

1. This is an interpleader proceeding by which MassMutual seeks a determination from the Court regarding the proper beneficiary of death benefit proceeds totaling the amount of $156,073.10 (the "Proceeds") payable on four life insurance policies (the "Policies") issued by MassMutual to Charles P. Quillen II (the "Decedent"). The Defendants have asserted that they are entitled to some or all of the Proceeds. MassMutual seeks interpleader relief to avoid incurring multiple liability in connection with the Policies.

1

## PARTIES

2. MassMutual is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and maintains its principal place of business at 1295 State Street, Springfield, MA 01111. MassMutual is duly licensed to transact business in the Commonwealth of Virginia, but for jurisdictional purposes, is a citizen of the Commonwealth of Massachusetts.

3. Upon information and belief, prior to his death, the Decedent's last known address was 1254 Red Hill Road, Gate City, VA 24251.

4. Upon information and belief, Andrew J. Quillen is an adult individual whose last known address is 504 Forestdale Road, Kingsport, TN 37660.

5. Upon information and belief, Patrice Q. Castle is an adult individual whose last known address is 221 Woodhurst Drive, Weber City, VA 24290.

6. Upon information and belief, Betty W. Quillen is an adult individual whose last known address is 1254 Red Hill Road, Gate City, VA 24251.

7. Upon information and belief, Murray Kossman is an adult individual whose last known address is 9321 SW 62nd Court, Miami, FL 33156.

8. Upon information and belief, Coronet Paper is a corporation duly organized and existing under the laws of the State of Florida and maintains its principal place of business at 3200 NW 119th Street, Miami, FL 33156. Coronet Paper is a citizen of the State of Florida.

9. Upon information and belief, Virginia National Bank is a corporation duly organized and existing under the laws of the Commonwealth of Virginia and maintains its principal place of business at 404 People Place, Charlottesville, VA 22911. Virginia National Bank is a citizen of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

10. This is an action for interpleader relief pursuant to Federal Rule of Civil Procedure 22. MassMutual is a disinterested stakeholder obligated under four life insurance policies issued to the Decedent, pursuant to which certain benefits are payable. MassMutual has brought this action because there is uncertainty regarding the rightful beneficiary of the Proceeds, and MassMutual will be exposed to potential liability if it pays one of the Defendants.

11. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between MassMutual and each of the Defendants, and the amount in controversy is greater than $75,000, exclusive of interest and costs.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in Scott County, Virginia.

## FACTS

**A. MassMutual Issues the Policies.**

13. MassMutual issued a life insurance policy to the Decedent bearing Policy No. 6477044 (the "First Policy"). A true and correct copy of the First Policy is attached hereto as Exhibit A.

14. Pursuant to the application that the Decedent completed and submitted on October 9, 1981, the Decedent designated Virginia National Bank as the primary beneficiary, and Betty W. Quillen as the contingent beneficiary of the First Policy. A true and correct copy of the Application for the First Policy is attached hereto as Exhibit B.

15. The total benefit amount of the First Policy is $1,535.88.

16. MassMutual issued a life insurance policy to the Decedent bearing Policy No. 6477064 (the "Second Policy"). A true and correct copy of the Second Policy is attached hereto as Exhibit C.

17. Pursuant to the application that the Decedent completed and submitted on October 9, 1981, the Decedent designated Farmers Home Administration as the primary beneficiary and Betty W. Quillen as the contingent beneficiary of the Second Policy. A true and correct copy of the Application for the Second Policy is attached hereto as Exhibit D.

18. The total benefit amount of the Second Policy is $770.29.

19. MassMutual issued a life insurance policy to the Decedent bearing Policy No. 6781786 (the "Third Policy"). A true and correct copy of the Third Policy is attached hereto as Exhibit E.

20. Pursuant to the application that the Decedent completed and submitted on October 13, 1983, the Decedent designated Betty W. Quillen as the primary beneficiary and "[a]ll children born of this marriage" as contingent beneficiaries of the Third Policy. A true and correct copy of the Application for the Third Policy is attached hereto as Exhibit F.

21. The total benefit amount of the Third Policy is $448.15.

22. MassMutual issued a life insurance policy to the Decedent bearing Policy No. 7459731 (the "Fourth Policy"). A true and correct copy of the Fourth Policy is attached hereto as Exhibit G.

23. Pursuant to the application that the Decedent completed and submitted on May 11, 1988, the Decedent designated Betty W. Quillen as the primary beneficiary of the Fourth Policy. A true and correct copy of the Application for the Fourth Policy is attached hereto as Exhibit H.

24. The total benefit amount of the Fourth Policy is $153,318.78.

25. The total benefit amount of the Policies, or the total amount of the Proceeds at issue, is $156,073.10.

**B. The Decedent Collaterally Assigns the Policies.**

26. On May 9, 1984, the Decedent collaterally assigned the First, Second, and Third Policies to Camplek of Virginia, Inc. A true and correct copy of the Collateral Assignments of the First, Second, and Third Policies are attached hereto as Exhibit I.

27. On June 8, 1988, the Decedent collaterally assigned the Fourth Policy to Camplek of Virginia, Inc. A true and correct copy of the Collateral Assignment of the Fourth Policy is attached hereto as Exhibit J.

**C. The Defendants Assert Competing Claims to the Proceeds.**

28. On October 2, 2022, the Decedent passed away. A true and correct copy of the Decedent's Death Certificate is attached hereto as Exhibit K.

29. On or around November 11, 2022, Betty W. Quillen submitted a claim form to MassMutual for the Proceeds under the First, Second, Third, and Fourth Policies. A true and correct copy of the Life Insurance Claim Form dated November 11, 2022 is attached hereto as Exhibit L.

30. On or around July 2, 2023, Betty W. Quillen submitted a second claim form to MassMutual for the Proceeds under the First Policy. A true and correct copy of the Life Insurance Claim Form dated July 2, 2023 is attached hereto as Exhibit M.

31. On or around July 26, 2023, Murray Kossman, on behalf of Coronet Paper, asserted a claim to the Proceeds to satisfy $428,825.00 in outstanding debt. A true and correct copy of the Correspondence dated July 26, 2023 is attached hereto as Exhibit N.

32. MassMutual is a disinterested stakeholder and seeks only to pay the Proceeds to the rightful beneficiary.

33. MassMutual cannot be the arbiter of fact in this matter nor pay any of the Defendants without subjecting itself to multiple liability with regard to the Policies and the Proceeds.

34. Thus, MassMutual comes to this Court in good faith to ask that this Court determine the proper recipient(s) of the Proceeds at issue.

## COUNT I

## INTERPLEADER

35. MassMutual incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

36. Betty W. Quillen has made a claim that she is entitled to receive the Proceeds.

37. Murray Kossman and Coronet Paper have also made claims to the Proceeds.

38. Due to the potential conflicting and competing claims of the Defendants to the Proceeds, MassMutual is at risk of multiple liability if it pays the Proceeds to any of the Defendants.

39. Based on the foregoing, there is presently an actual and justiciable controversy as to the respective rights of the Defendants to the Proceeds.

40. MassMutual is a disinterested stakeholder and claims no title or interest in the Proceeds and is unable to determine which individual or entity may be entitled to the Proceeds without risk of future liability.

41. MassMutual now seeks, by way of this interpleader, certainty regarding the Defendants' respective rights to receive the Proceeds.

42. MassMutual is prepared to distribute the Proceeds to the Court Registry until the Court makes a determination as to the distribution of the Proceeds and issues a final non-appealable order.

43. Unless potentially adverse and conflicting claims to the Proceeds are disposed of in a single proceeding pursuant to an appropriate court order, MassMutual is subject to multiple litigation and is at a substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability for the Proceeds.

44. MassMutual reserves the right to defend all claims against it, if any, once an appropriate court order is entered regarding the proper beneficiary or beneficiaries of the Proceeds, or in the event that the requested interpleader relief is not granted.

45. MassMutual also reserves the right to defend against claims not provided for or covered by this interpleader action, if any, should a court order or judgment relating to this interpleader not fully discharge and release MassMutual from liability regarding the death benefit under the Policies.

46. This complaint is filed in good faith and not in collusion with the Defendants.

## **RELIEF REQUESTED**

**WHEREFORE**, MassMutual respectfully requests that the Court:

(a) order Defendants to interplead and settle their respective rights and claims to the Proceeds under the Policies without further involvement of MassMutual;

(b) enjoin and restrain Defendants from commencing or further prosecuting any other proceedings in any state or United States Court against MassMutual and/or its agents with respect to the Policies and/or Proceeds;

(c) fully and finally discharge and dismiss MassMutual from this litigation and any and all liability in connection with, arising out of, or relating to this action, the Policies, and the Proceeds;

(d) direct and declare the respective rights of Defendants with respect to the Proceeds, and direct and declare to whom the Proceeds should be paid;

(e) award MassMutual its attorneys' fees, disbursements, and all other proper costs and charges incurred in connection with this action; and

(f) award such other and further relief as it may deem just and proper.

Dated:  August 3, 2023

*/s/ Dawn B. Williams*
Dawn B. Williams (VA Bar No. 71560)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel:  (202) 230-5226
Fax: (202) 842-8465
Email:  dawn.williams@faegredrinker.com

*Attorneys for Plaintiff Massachusetts Mutual Life Insurance Company*